

Search for Cases by:  Select Search Method... ⌄

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff JACKFLEMING89

## 20BA-CV02895 - STEPHEN GRIFFITH V MO STATE HWY PATROL ET AL (E-CASE)

| Case FV and like Values | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

| | | |
|---|---|---|
| **Judge/Commissioner Assigned:** | CRANE, KEVIN M J | **Date Filed:** 09/06/2020 |
| **Location:** | Boone | **Case Type:** CC Pers Injury-Other |
| **Disposition:** | Not Disposed | |



Track This Case

Case.net Version 5.14.9          Return to Top of Page          Released 10/19/2020

EXHIBIT
**A**




Search for Cases by: Select Search Method... ⌄

Judicial Links | eFiling | Help | Contact Us | Print

GrantedPublicAccess **Logoff JACKFLEMING89**

## 20BA-CV02895 - STEPHEN GRIFFITH V MO STATE HWY PATROL ET AL (E-CASE)

| Case FV | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to QuickFile on behalf of the Selected Party.**

○ **GRIFFITH , STEPHEN , Plaintiff**           represented by

2505 BLACK CHERRY CT.
COLUMBIA, MO 65201

**HODGES , ALEXANDER MICHAEL , Attorney for Plaintiff**

3770 BROADWAY BLVD.
KANSAS CITY, MO 64111

**Year of Birth:** 1974

○ **AYERS , GRANT A , Defendant**

%MISSOURI STATE HWY PATROL
1510 EAST ELM ST
JEFFERSON CITY, MO 65101

○ **OLSON , ERIC T , Defendant**

%MISSOURI STATE HWY PATROL
1510 EAST ELM ST
JEFFERSON CITY, MO 65101

○ **TURNER , MICHAEL A , Defendant**

%MISSOURI STATE HWY PATROL
1510 EAST ELM ST
JEFFERSON CITY, MO 65101

○ **KARSTEN , SANDRA K , Defendant**

%DEPT OF PUBLIC SAFETY
1101 RIVERSIDE DR
LEWIS & CLARK BLDG 4TH
FLOOR W
JEFFERSON CITY, MO 65101

○ **MISSOURI STATE HIGHWAY PATROL , Defendant**

1510 EAST ELM STREET
JEFFERSON CITY, MO 65102

Case.net Version 5.14.9          [Return to Top of Page](#)          Released 10/19/2020



Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print      GrantedPublicAccess   Logoff JACKFLEMING89

## 20BA-CV02895 - STEPHEN GRIFFITH V MO STATE HWY PATROL ET AL (E-CASE)

| FV Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ○ Descending   ○ Ascending

Display Options: All Entries

---

**11/03/2020**  ☐   **Agent Served**
Document ID - 20-SMCC-637; Served To - KARSTEN, SANDRA K; Server - SO SHERIFF OF COLE COUNTY-JEFFERSON CITY; Served Date - 21-OCT-20; Served Time - 13:40:00; Service Type - Sheriff Department; Reason Description - Served

**09/10/2020**  ☐   **Summons Issued-Circuit**
Document ID: 20-SMCC-639, for MISSOURI STATE HIGHWAY PATROL. Attorneys are to print two copies of summons and issue for service.

    ☐   **Summons Issued-Circuit**
Document ID: 20-SMCC-638, for TURNER, MICHAEL A. Attorneys are to print two copies of summons and issue for service.

    ☐   **Summons Issued-Circuit**
Document ID: 20-SMCC-637, for KARSTEN, SANDRA K. Attorneys are to print two copies of summons and issue for service.

    ☐   **Summons Issued-Circuit**
Document ID: 20-SMCC-636, for OLSON, ERIC T. Attorneys are to print two copies of summons and issue for service.

    ☐   **Summons Issued-Circuit**
Document ID: 20-SMCC-635, for AYERS, GRANT A. Attorneys are to print two copies of summons and issue for service.

**09/08/2020**  ☐   **Note to Clerk eFiling**
    **Filed By:** ALEXANDER MICHAEL HODGES

    ☐   **Summ Req-Circuit Pers Serv**
Request for Summons. (kc)
    **Filed By:** ALEXANDER MICHAEL HODGES

    ☐   **Confid Filing Info Sheet Filed**
Confidential Information Sheet. (kc)
    **Filed By:** ALEXANDER MICHAEL HODGES
    **On Behalf Of:** STEPHEN GRIFFITH

**09/06/2020**  ☐   **Confid Filing Info Sheet Filed**
    **Filed By:** ALEXANDER MICHAEL HODGES

    ☐   **Note to Clerk eFiling**
    **Filed By:** ALEXANDER MICHAEL HODGES

    ☐   **Pet Filed in Circuit Ct**

Plaintiffs Petition for Damages. (kc)
**On Behalf Of:** STEPHEN GRIFFITH

☐ **Judge Assigned**

Case.net Version 5.14.9        [Return to Top of Page](#)        Released 10/19/2020

Electronically Filed - Boone - September 06, 2020 - 01:10 PM

**THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI**

**THIRTEENTH JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| Dr. Stephen Griffith, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. _____ |
| Grant A. Ayres,<br>in his individual and official capacity, | ) | |
| Sandra K. Karsten,<br>in her individual and official capacity, | ) | |
| Eric T. Olson,<br>in his individual and official capacity, | ) | |
| Michael A. Turner,<br>in his individual and official capacity, | ) | |
| Missouri State Highway Patrol, | ) | |
| Defendants. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Dr. Stephen Griffith, and for his claims against the above-named

Defendants, hereby states as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction proper pursuant to R.S.Mo. §478.070 and under the United States Constitution,

particularly under the provisions of the Fourth and Fourteenth Amendments, and under the Federal Law,

particularly 42 U.S.C. §§ 1983 and 1988 as well as common law and state law claims.

2. Venue is proper because the events that give rise to this cause of action occurred in this jurisdiction and the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00).

<div align="center"><strong>PARTIES</strong></div>

3. Plaintiff, Dr. Stephen Griffith, is an individual who, at all times material, resided 2505 Black Cherry Ct. in Columbia, Boone County, Missouri.

4. Defendant Grant A. Ayres is an individual believed to reside in Boone County, Missouri, and is employed as a State Trooper with the Missouri Highway Patrol.

5. Defendant Sandra K. Karsten is an individual believed to reside in Cole County, Missouri, who currently serves as Director of the Department of Public Safety and served in a law enforcement capacity as Superintendent of the Missouri State Highway Patrol, from 2017-2018.

6. Defendant Colonel Eric T. Olson is an individual believed to reside in Cole County, Missouri, and is serving in a law enforcement capacity as current Superintendent of the Missouri State Highway Patrol.

7. Defendant Major Mark A. Turner is an individual believed to reside in Cole County, Missouri, and is serving as current commander of the Support Services Bureau of the Missouri State Highway Patrol. At all times material to this action, Defendant Johnson was serving as commander of Troop F, with the rank of Captain.

8. Defendant Missouri State Highway Patrol (MSHP) is a law enforcement agency organized, operating and existing under the United States Constitution, the Constitution of the State of Missouri, and Missouri Revised Statute Chapter 43.

9. The Missouri State Highway Patrol runs, operates, administer, oversees, supervises and is otherwise responsible for the conduct of it's troopers and officers.

10. All Defendants can be served at 1510 East Elm Street, Jefferson City, MO 65101.

11.     At all times material, the Missouri State Highway Patrol acted through its agents, employees and servants.

12.     At all times material, Defendants Karsten and Olson were duly appointed Superintendents of the Missouri State Highway Patrol and in said capacity, possess the power and authority to adopt policies and procedures and prescribe rules, regulations and practices affecting all facets of the MSHP, including, the hiring, firing, employment, removal, assignment, discipline, training and supervision of troopers and officers of the MSHP.

13.     Defendants Karsten and Olson, in the capacity as Superintendents and as ranking and supervising officers, they were responsible for ensuring officers and troopers, subject to their supervision and command, were properly and fully trained.

14.     In said capacity, Defendants' were/are responsible for and administers Troop F, which in turn promulgates policies, procedures and practices in Troop F jurisdiction.

15.     At all times material, Defendant Turner was ranking and supervising officer of Troop F, responsible for ensuring officers subject to their supervision and command are properly and fully trained.

16.     A all times material, Defendant Ayers was acting within the course and scope of his employment with the Missouri State Highway Patrol, Troop F and was acting under the color of state law.

17.     At all times material, Defendants Karsten, Olson and Turner were acting within the course and scope of their employment and were acting under the color of state law and authority of the statutes, ordinances, customs, policies, practices and uses of the State of Missouri and Missouri State Highway Patrol.

## FACTS COMMON TO ALL COUNTS

### *Traffic Stop*

18.     On September 8, 2018, the Plaintiff, Dr. Stephen Griffith was driving to Boone County Hospital to seek medical treatment for a head wound after tripping and hitting his head.

19.     At approximately 1:25 am, Plaintiff was pulled over by Defendant Ayres for speeding.

20.     Defendant Ayres asked why Plaintiff was speeding, to which the Plaintiff indicated his head wound.  Defendant Ayres then directed Plaintiff to exit his vehicle and to sit in the passenger side of Defendant's patrol vehicle while Defendant performed tasks material to the stop.

21.     While being questioned in Defendant's patrol vehicle, the Plaintiff explained that he recently moved to the area and was employed as an ER doctors at the Trauma Center at University Hospital.  He further told Defendant Ayres that he had three drinks between 6pm and 8pm that evening.

22.     Defendant Ayres instructed Plaintiff to perform sobriety and agility tests upon suspicion of driving while intoxicated.

23.     Plaintiff did not exhibit any difficulty in performing the procedures requested by the Defendant.

24.     Plaintiff did not resist or oppose any of the Defendant's requests or questions and remain docile and cooperative throughout the testing, despite still suffering from a head wound.

25.     At no point did Defendant Ayres ask the Plaintiff about his head wound or attempt to provide medical assistance in any way.

26.     Defendant Ayres then used a powerful mag light to shine in Plaintiff's eyes and performed an extensive, prolonged pupillary eye evaluation of over 100 movements, for over 2 minutes.

27.     Because of the extent and duration of the pupil evaluation, Plaintiff, as a medical doctor, became concerned about his health, due to his head wound.  Plaintiff was also unsure whether Defendant Ayres was performing the evaluation adequately.  Addressing his concerns, Plaintiff asked Defendant Ayres, "Am I ok?" and "Do my eyes look alright?" Defendant Ayres sharply replied, "its not just your eyes."

28.     At approximately 1:37 am, after several more tests, Defendant Ayres, placed a black box on the hood of his patrol vehicle.  The purpose and contents of this box were unknown to the Plaintiff.

29.     Defendant Ayres' instructions became unclear and confusing when Defendant Ayres asked, "Hey, have you ever blow out candles on your birthday cake?," and when Plaintiff did not understand, Defendant Ayres continued, "You haven't? Alright, I want you to do is act like you're turning 100 years old and you have 100 candles on a birthday cake, alright? You're trying to blow them all out to get that birthday wish, alright. Long hard steady breath ok?"

30.     Plaintiff was unclear what Defendant was asking or trying to obtain, stating, "I don't quite understand. I don't know if I consent to this,"  "I don't understand, are you going to collect fluid from me?" and "I don't feel comfortable with it."

31.     At this point, Defendant Ayres' attitude quickly changed.  Assuming Plaintiff was refusing the preliminary breath test Defendant Ayres said, Alright. I tell you what though, go ahead and place your hands behind your back for me, ok sir?  At this time, I am going to place you under arrest for driving while intoxicated."

32.     Defendant then pulled Plaintiff's arms behind him and began to restrain the him by placing handcuffs on his wrists.

33.     Defendant Ayres used unnecessary and unreasonable force to clamp down and tighten the handcuffs onto the Plaintiff's wrists.  The force in which the Defendant ratcheted down the metal handcuffs was excessive, harmful and offensive.  It caused the Plaintiff significant pain, but fearing more force from Defendant Ayres, he thought it best to remain quiet.

34.     Defendant Ayres did not "double lock" the Plaintiff's handcuffs, allowing them to further constrict and did not check to ensure that the handcuffs were applied properly.

35.     Plaintiff was then placed into the front seat of the patrol vehicle with his hands restrained behind his back.  Defendant strapped the seatbelt over the Plaintiff in a manner that caused pain and injury to Plaintiff.

36.     The force Defendant used was excessive was not reasonably necessary to effectively control Plaintiff's actions during his arrest.

37.     Defendant Ayres then proceeded to tell the Plaintiff that he was going to get a warrant for a forcible blood draw, causing the Plaintiff fear of further harmful contact and pain.

38.     Defendant Ayres told the Plaintiff the blood draw would happen at University Hospital, to which the Plaintiff reminded Defendant Ayres that was where he worked and asked if it could happen at Boone Hospital.

39.     Defendant Ayres replied, "Nope, that's where we go, that's where the search warrant says…," indicating that he had no discretion in the matter and that the warrant was already prepared.

40.     Defendant Ayres added, "Since you don't want to give a breath sample, I'm going for blood."

41.     Still with an unacknowledged head wound, while in route to University Hospital, Plaintiff again asked to be taken to Boone Hospital because that is where he receives medical treatment.  Defendant Ayres replied, "Uh, we always go to University to get the search warrant, that's what the search warrant says" and "No. You're not going to see a doctor."

42.     At approximately 1:52 am, Defendant Ayres pulled into the University Hospital drive at which point, Defendant Ayres chose to end recording the interaction and the patrol vehicles dashboard audio and video recording equipment cut out.

43.     In the parking lot at University Hospital, the Plaintiff calmly sat, strapped into Defendant's patrol car, handcuffed tightly and awkwardly behind his back, for nearly thirty minutes.  During this period,

Plaintiff informed Defendant Ayres that his handcuffs were too tight and he was in pain, beginning to experience numbness.

44.     Defendant Ayres did not attempt to check the tightness of the handcuffs, did not check to see if they had been secured properly, did not assess the merits of placing Plaintiff's hands in front, given the duration placed as such, and in fact, did not even acknowledge Plaintiffs concerns.  At no point, after having actual notice of the Plaintiff's complaints, did Defendant Ayres document the complaint or maintain a proper recordation of the events.

45.     While waiting, Plaintiff asked Defendant Ayres if he could take the breath test to prove he was not intoxicated.  Defendant Ayres responded, "it's too late now! You made me wake up the judge now.  Hell, my shift ended at 2 am, so this is all overtime!"

46.     With one last attempt, Plaintiff explained to Defendant Ayres that he worked at the ER at University Hospital, as a medical doctor and would like to be seen at Boone Hospital for his privacy and due to professional conflicts of interest.  Defendant Ayres again denied, knowing the embarrassment, humiliation and emotional pain the Plaintiff would experience.

47.     Once Defendant Ayres was finally able to get a warrant, he ordered Plaintiff out of the vehicle and jerked him up by his shoulder towards the ER at University Hospital.

48.     Defendant Ayres then paraded Plaintiff, in handcuffs, like a prize or trophy through the ER at University Hospital.  Defendant Ayres invited and welcomed the attention of the Plaintiff's colleagues, patients and co-workers to the situation.

49.     Defendant Ayres' conduct was completely unjustified and was done with malice or bad faith, with a wanton disregard to the severe emotional distress Plaintiff would suffer.  Defendant Ayres' desire to have Plaintiff embarrassed and damaged was outrageous, extreme and malicious.

50.     Upon information and belief, Defendant Ayres decision to showcase the Plaintiff due to Plaintiff's insistence on going to Boone Hospital, and Plaintiff's opposition to Defendants authority triggered frustration and a desire to humiliate the Plaintiff and cause permanent damage to his professional reputation.

51.     Plaintiff asked Defendant Ayres if the warrant made clear that his blood had to be drawn at University Hospital.  Defendant Ayres was unsure and went to make some calls.

52.     After leaving Plaintiff unattended and restrained for a period, the Defendant returned, told the Plaintiff they were going to Boone Hospital and escorted him back to the patrol vehicle.

53.     Defendant Ayres again placed Plaintiff in the front seat, hands restrained behind his back with lap and shoulder belt placed in a manner that increased his pain and extreme discomfort caused by the overly tight handcuffs.

54.     While leaving University Hospital, Defendant Ayres drove erratically, speeding and making sharp, abrupt turns and nearly striking a parked ambulance.  Because Defendant Ayres had failed to double lock Plaintiff's handcuff and failed to subsequently inspect them, Plaintiff handcuffs were allowed to improperly tighten with each movement, causing additional pain and further restricting the circulation of blood.

55.     En route to Boone Hospital, Plaintiff once more complained to Defendant Ayres that his handcuffs were too tight and was experiencing pain.  Plaintiff specifically requested that Defendant Ayres inspect his restraints.

56.     Defendant Ayres ignored this request and sarcastically stated, "why don't you just man up? How old are you? You are acting like my 12 year old daughter!"

57.     When they arrived at Boone Hospital, Plaintiff requested to see the ER doctor to be evaluated for his head injury, but Defendant Ayres said they were "just here for the blood draw."

58.     A lab technician came out to the lobby and put gloves on while Defendant Ayres opened up a blood collection kit.  Plaintiff was still in his sport coat, with his hands still restrained behind his back, so his arms were not readily available for immediate venipuncture and blood draw.

59.     There was confusion and a discussion between Defendant Ayres and the lab tech about logistics of forcibly taking blood because the lab tech who stated he had never done a "legal draw" before. Plaintiff sat patiently and did not refuse or resist.

60.     Plaintiff requested again to be seen by the ER doctor.  At approximately 3:40 am, only after instruction from a nurse did Defendant Ayres finally remove Plaintiff's handcuffs.  After approximately 90 minutes without circulation, Plaintiff's hands were burning, and stinging and his left hand was white in color.

61.     Eventually, Plaintiff's head injury was evaluated, and he was able to see his wife, who had not known about the events.  Plaintiff asked if he could go home, but Defendant Ayres stated he still needed to be taken in and proceeded to re-apply the handcuffs to Plaintiff's wrists.

62.     Defendant Ayres again used unnecessary, unreasonable, and excessive force to apply the handcuffs, intentionally causing pain and injury to the Plaintiff.  Plaintiff's wife noticed his sweaty palms and noted his left hand was turning white again.

63.     Plaintiff asked Defendant Ayres to inspect, loosen or place his hands in front, rather than behind his back.  Defendant Ayres replied "Like I said before, I cannot, it is protocol."

64.     Defendant Ayres arrived at the Boone County Jail at 4:21 am and at 4:37 am; the Plaintiff's handcuffs were removed.

65.     Plaintiff was humiliated, hurt and defeated and remained silent as Defendant Ayres fingerprinted him. However, apparently still unsatisfied, Defendant Ayres resumed his harassment, gloating about how he spends his free time on his days off, "reading up on case-law and the latest techniques in DUI."

66.     The Plaintiff posted bail just after 7:00 am.

### *Defendant Ayres*

67.     Plaintiff realleges and incorporates the preceding paragraphs by reference.

68.     Defendant Ayres began training on January 2, 2014, at the Missouri State Highway Patrol Law Enforcement Academy in Jefferson City, Missouri, and graduated on June 27, 2014.

69.     At all times material, Defendant Ayres was acting within the course and scope of his employment with Troop F of the Missouri State Highway Patrol and was acting under the color of state law and in purported compliance with laws and the policies promulgated by the Missouri State Highway Patrol.

70.     The assigned duties of Defendant Ayres with the MSHP requires him to be in contact with a variety of citizens in Troop F jurisdiction, where he is left alone to act as he saw fit.

71.     Upon information and belief, Defendant Ayres has a propensity to become easily irritated and hostile with people who do not follow his orders.  In turn, this renders Defendant Ayres unable to perform the functions of his sworn duties with reasonable competency and requisite safety to members of the public.

72.     Upon information and belief, Defendant Ayres has dangerous proclivities that affect his ability to function safely and effectively on the job and display characteristics of a tendency toward unnecessary violence and poor impulse control.

73.     Upon information and belief, Defendant Ayres had dangerous proclivities to disregard and fail to uphold the law and MSHP policies and procedure.

74.     Upon information and belief, Defendant Ayres' impulsive and reckless behavior has led to prior incidents of conduct exhibiting a conscious disregard of the rights of people.

75.     Defendant Ayres' dangerous proclivities create a substantial risk posed to members of the public, then and in the future.

76.     Upon information and belief, the decision to arrest Plaintiff and intentionally and willfully violate his constitutional rights was due in part to the fact that Defendant Ayres was irritated and mad at Plaintiff.

77.     The acts and omissions of Defendant that caused Plaintiff to suffer injuries were in knowing violation of the Plaintiff's clearly established rights or at least demonstrated plain incompetence as a law enforcement officer by, including, but not limited to:

   a.     Failing to use reasonable force, in the circumstances, while applying handcuffs to Plaintiff;

   b.     Failing to know how assigned equipment functioned, including restraining devices and recording devices;

   c.     Failing to know how to properly secure restraining devices;

   d.     Failing to use proper methods in restraining Plaintiff by not double locking Plaintiff's handcuffs, allowing the restraints to continually restrict;

   e.     Failing to use proper methods in restraining Plaintiff by not ensuring proper fit of Plaintiff's handcuffs;

   f.     Failing to ensure handcuffs were properly secured once on notice of Plaintiff's complaints of tight handcuffs, causing pain;

   g.     Failing to adjust Plaintiff's handcuffs as soon as feasible;

   h.     Failing to maintain proper recording of interactions with Plaintiff;

   i.     Failing to report/document/record involvement in his actions that were alleged to and did result in Plaintiff's injuries;

j.      Failing to document the extent of Plaintiff's injuries or conduct any witness reports of Plaintiff's injuries;

k.      Failing to use proper methods of transporting Plaintiff upon arrest;

l.      Failing to allow Plaintiff to have handcuffs placed in front of body while remaining in vehicle for an extended duration;

m.      Failing to obtain swift or adequate medical treatment for Plaintiff's head injury;

n.      Failing to seek medical treatment for injuries sustained by Plaintiff's handcuffs, while in custody and care of Defendant.

78.    Defendant Ayres acts and omissions violated the Plaintiff's clearly established right to be free from excessive and unreasonable force by:

a.      Defendant intentionally tightening Plaintiffs handcuffs knowingly using greater force than necessary, in a manner intended to cause pain and injury beyond the normal level of discomfort associated with being properly handcuffed;

b.      Knowingly allowing and failing to prevent further injury to Plaintiff by not properly securing his restraints, keeping restraints on Plaintiff for prolonged and unnecessary duration while secured in Defendants vehicle, and

c.      Disregarding Plaintiff's complaints of tight handcuffs, causing pain, only to reapply them even tighter.

79.    Defendant Ayres force and conduct was objectively unreasonable given the totality of the circumstances and facts, including:

a.      Plaintiff's relatively minor infraction;

b.      no cause to believe that Plaintiff presented a risk of harm or an immediate threat to the safety of the Defendant, or anyone else;

c.     Plaintiff's compliant, passive and submissive attitude; and

d.     Plaintiff not resisting or trying to flee in any way.

80.     Defendant Ayres use of excessive force resulted in serious, significant and permanent injury to the Plaintiff, requiring extensive medical treatment.  Plaintiff has had burning pain, numbness, and weakness in his left hand.  He has been diagnosed with a left median nerve compression injury and Complex Regional Pain Syndrome (CRPS) creating constant neuropathic pain with movement and at rest.

81.     Plaintiff is licensed in Missouri as a physician and was an ER surgeon.  However, his injuries assure he cannot perform the material and substantial duties of his own profession.  His grip is weak and because most of his left fingers feel dead, he is unsteady with his left hand and cannot perform fine motor skills. He cannot perform delicate surgical procedures that require two hands and he cannot hold instruments properly.

82.     It took years of study and learning, substantial financial loss and commitment and tremendous amounts of personal sacrifice for Plaintiff to earn the right to become a doctor.

83.     The conduct of Defendant Ayres violated the Plaintiff's cognizable rights under the 14th Amendment to be free from state actions that deprived him of his rights to liberty and property in such a manner that shocks the conscience, by depriving Plaintiff of his individual rights to engage in his occupation and to pursue advancement in his lawful calling.

84.     As a direct and proximate cause of the Defendant's acts and omissions, Plaintiff suffered severe and permanent bodily injury, as well as pain and suffering, extreme mental and severe emotional distress, loss of enjoyment, lost opportunity, lost wages, lost future earning capacity and reputational damage.

85.     Moreover, Defendant Ayres' conduct caused significant loss and harm to the community he

serves and the public at large, by depriving them of a skilled and dedicated emergency room surgeon and placing the health and well being of the community at risk.

### *MSHP Supervisory Liability: Defendants Karsten, Olson and Tanner*

86.    Plaintiff realleges and incorporates the preceding paragraphs by reference.

87.    Upon information and belief, Defendant Ayres was hired without performing the necessary psychological assessment to screen out those who may not be able to carry out their responsibilities or endure the stressful working conditions, or who may not be emotionally stable.

88.    Defendants' knew or should have known of the dangerous proclivities of Defendant Ayres and that he was unsuitable for the position that he held.

89.    Defendants' further failed to act upon information gained during the course of their supervision of Defendant Ayres, that he displayed dangerous and reckless behavior.

90.    Defendants' showed a reckless indifference and conscious disregard of a substantial risk that circumstances existed or a result would follow, that Defendant Ayres dangerous proclivities posed a threat to the public, and did in fact harm the public, including Plaintiff.

91.    Defendants' were deliberately indifferent to risks posed by Defendant Ayres.

92.    Defendants' deliberate indifference to the rights of the Plaintiff by failure to train, failure to effectively supervise.

93.    Defendants' facilitated, encouraged, condoned and acquiesced the behavior and conduct of Defendant Ayres, tuning a blind eye to his actions, and  in fact rewarding his behavior.  Defendants' created the moving forces causing the serious injuries to Plaintiff and the violation of Plaintiff's constitutional rights and subsequent injuries.

94.    The Defendants' inaction in this regard effectively annuls its official general policies and procedures regarding the use of force and substitutes in their place a permissive de facto policy and

Electronically Filed - Boone - September 06, 2020 - 01:10 PM

custom of tolerating excessive force, which has the effect of promoting similar misconduct by other troopers in the future.

95.     The conduct of each Defendant, individually, was recklessly and callously indifferent to the constitutional rights of the Plaintiff, malicious and wanton with respect to those rights.

### *SOVEREIGN IMMUNITY*

96.     Plaintiff realleges and incorporates the preceding paragraphs by reference.

97.     Sovereign immunity is waived pursuant to 537.600 (1) and (2), which allows for claims against a public entity for: (1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment; and (2) Injuries caused by the condition of a public entity's property.

98.     Plaintiff contends 537.600 (1) applies because the negligent acts or omission of Defendant Ayers, in operating his vehicle within the course of his employment directly caused or contributed to cause Plaintiff's injuries in the following ways:

      a.     Recklessly operating his vehicle containing Plaintiff, in a manner that caused Plaintiff's handcuffs to tighten;

      b.     Improperly strapping safety belt across Plaintiff, causing pain and injury;

      c.     Keeping Plaintiff inside Defendants vehicle with arms behind his back and safety belt on for a duration that caused pain and injury.

99.     Alternatively, Plaintiff contends537.600 (2) applies because:

      a.     The handcuffs owned by the MSHP and used to restrain Plaintiff were and continue to present a dangerous condition.

      b.     The handcuffs dangerous condition is presented in it "double locking" mechanism.

c.     When Plaintiff was injured, the handcuffs were in a dangerous condition resulting from the negligent or wrongful acts an omission of Defendant Ayres, by not double locking Plaintiff's handcuffs and thus causing the dangerous condition.

d.     The Defendants had actual and constructive knowledge of the dangerous condition and addressed it in the policies and procedures of the MSHP where it is clear that the handcuffs should be double locked.

e.     As such, It is reasonably foreseeable that improper use of handcuffs, by not double locking them would cause pain and injury to the Plaintiff's wrists and hands.

**COUNT I**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**(Against Defendant Ayres, individually)**

100.    Plaintiff realleges and incorporates the preceding paragraphs by reference.

101.    The actions of Defendant Ayres violated the clearly established and well-settled constitutional right of Plaintiff to be free from excessive force.

102.    At the time Defendant Ayres placed handcuffs on the Plaintiff, the constitutionally protected right to be free from excessive force by unjustly and overly tight handcuffs, causing significant, long lasting and/or permanent, physical injury and resulting in medical treatment and diagnosis, was clearly established.

103.    A reasonable officer, faced with the same facts and circumstances confronted by Defendant Ayer at that time, would know that applying handcuffs to the Plaintiff in that manner was objectively unreasonable and excessive.

104.    Defendant Ayres was in knowing violation of Plaintiff's clearly established rights or demonstrated plain incompetence as a law enforcement officer.

105.    Defendant Ayres is not entitled to Qualified Immunity

106. The actions of Defendant were intentionally malicious, willful, and wanton and done with reckless and callous disregard of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

107. As a direct and proximate cause of Defendant's actions, Plaintiff suffered severe bodily harm and personal injuries, as well as pain and suffering, mental and emotional distress. Plaintiffs injuries are major, long-term and permanent and is entitled to recover damages for:

    a.    The deprivation of Plaintiff's constitutional rights;

    b.    The humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress suffered by the Plaintiff;

    c.    The physical and mental pain and suffering of Plaintiff;

    d.    Loss of opportunity and quality of life;

    e.    Plaintiff's loss of future earning capacity;

    f.    All consequential damages;

    g.    All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses, lost wages; and

    h.    Any other damages allowed by federal or state law, including but not limited to punitive damages and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**COUNT II**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED**
**STATES CONSTITUTION**
**(Against Defendants Olson, Karsten and Turner, in their individual capacities)**

108. Plaintiff realleges and incorporates the preceding paragraphs by reference.

109.    Defendants' had actual and constructive knowledge that Defendant Ayers posed a significant and unreasonable risk of harm to others.

110.    Defendants' consciously disregarded the risks posed by facilitating, encouraging, condoning and/or acquiescing Defendant Ayres actions and conduct.

111.    Defendants' were deliberately indifferent to Defendant Ayers violation of Plaintiff's constitutional rights, by:

        a.    Deliberate indifference in failing to determine whether Defendant Ayers posed a threat to the public by not properly evaluating him or investigating his prior actions;

        b.    Deliberate indifference by failing to provide sufficient supervision of the arrest in question and by failing to monitor the arrest in question;

        c.    Deliberate indifference by improperly training Defendant Ayres in such a way that condones, encourages, and permits Troopers to violate the rights and inflict harm upon persons being arrested;

        d.    Deliberate indifference in failing to properly supervise Defendant Ayres in his encounters with persons they arrest;

        e.    Deliberate indifference in failing to have Troopers properly reviewed for accurate use of force of incidents involving force used against nonthreatening arrested persons, with conclusions frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

112.    Defendant Ayres is not entitled to Qualified Immunity

113.    The actions of Defendant were done with reckless and callous disregard of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

114.    As a direct and proximate cause of Defendant's actions, Plaintiff suffered severe bodily harm and personal injuries, as well as pain and suffering, mental and emotional distress. Plaintiffs injuries are major, long-term and permanent and is entitled to recover damages for:

    a.    The deprivation of Plaintiff's constitutional rights;

    b.    The humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress suffered by the Plaintiff;

    c.    The physical and mental pain and suffering of Plaintiff;

    d.    Loss of opportunity and quality of life;

    e.    Plaintiff's loss of future earning capacity;

    f.    All consequential damages;

    g.    All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses, lost wages; and

    h.    Any other damages allowed by federal or state law, including but not limited to punitive damages and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**COUNT IV**
**BATTERY**
**(Against Defendant Ayres, individually and in his official capacity)**

115.    Plaintiff realleges and incorporates the preceding paragraphs by reference.

116.    Sovereign immunity is waived as aforementioned.

117.    Defendant Ayres acted with intent to cause harmful or offensive contact Plaintiff by:

    a.    Intentionally using unreasonable physical force to apply Plaintiff's handcuffs at the time of arrest;

    b.     Intentionally allowing Plaintiff's handcuff to continually tighten en route to University

           Hospital;

    c.     Intentionally allowing Plaintiff's handcuff to continually tighten en route to Boone

           Hospital;

    d.     Intentionally using unreasonable physical force to re-apply Plaintiff's handcuffs at Boone

           Hospital.

118.    As a direct and proximate result of Defendant's harmful and offensive contact, Plaintiff has been

injured damaged. Including physical injury, emotional trauma, fear, apprehension, depression, anxiety,

emotional distress, and great concern for his own safety.

119.    The Defendants' conduct was wanton and intention, done with malice or bad faith and in

reckless disregard for the rights of the Plaintiff.

120. Defendant Ayres' conduct occurred within the course and scope of his employment and the MSHP

is liable for the harm to Plaintiffs under the doctrine of respondeat superior.

<div align="center">

**COUNT V**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against Defendant Ayres, individually and in his official capacity)**

</div>

121.    Plaintiff realleges and incorporates the preceding paragraphs by reference.

122.    Sovereign immunity is waived as aforementioned.

123.    Defendant Ayres' conduct was extreme and outrageous, intended to cause extreme emotional

distress to Plaintiff.

124.    Defendant Ayres actions were done intentionally or with a reckless disregard to the probability

of causing Plaintiff to suffer extreme emotional distress.

125.    As a direct and proximate cause of Defendants' conduct, Plaintiff was injured and suffered

bodily injury and severe emotional distress.

126.    The Defendants' conduct was wanton and intention, done with malice or bad faith and in reckless disregard for the rights of the Plaintiff.

127.    Defendant Ayres conduct occurred within the course and scope of his employment and the MSHP is liable for the harm to Plaintiffs under the doctrine of respondeat superior.

**COUNT VI**
**NEGLIGENCE**
**BROUGHT PURSUANT TO MO. REV. STAT. § 537.080**
**(Against Defendant Ayres, individually and in his official capacity)**

128.    Plaintiff realleges and incorporates the preceding paragraphs by reference.

129.    Sovereign immunity is waived as aforementioned.

130.    Defendant Ayres, having taken Plaintiff into custody had a duty of care to Plaintiff, to ensure and protect Plaintiff from injury while under his custody and care.

131.    Defendant Ayres was aware or reasonably should have been aware of the risks posed to an individual who has been improperly restrained with handcuffs and is being transported, while strapped into a vehicle with hands restrained behind his back.

132.    Defendant Ayres negligently breached his duty to the Plaintiff by failing to provide proper and appropriate care and supervision and to protect the Plaintiff from injury under his custody and care.

133.    As a direct and proximate cause of Defendant Ayers conduct, Plaintiff was injured and suffered bodily injury and severe emotional distress.

134.    The Defendants' conduct was wanton and intention, done with malice or bad faith and in reckless disregard for the rights of the Plaintiff.

135.    Defendant Ayres conduct occurred within the course and scope of his employment and the MSHP is liable for the harm to Plaintiffs under the doctrine of respondeat superior.

**COUNT VII**

## NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION
### (Against Defendants Karsten, Olson and Tanner,
### individually and in their official capacities, and MSHP)

136.    Plaintiff realleges and incorporates the preceding paragraphs by reference.

137.    Sovereign immunity is waived as aforementioned.

138.    Defendants are the employers and/or supervising officers of Defendant Ayres.

139.    As the employers/supervisors of the Missouri State Highway Patrol, these Defendants have a duty to exercise reasonable care in hiring, retention and supervision of individuals, who by nature of their employment are responsible for the safety of members of the public and who may pose a threat of injury to members of the public.

140.    These Defendants knew or should have known of Defendant Ayres' dangerous proclivities, and the threat of injury he posed to the public.

141.    The Defendants were recklessly and willfully negligent in the hiring, retention, training and supervision of Defendant Ayers as a sworn law enforcement officer of the Missouri State Highway Patrol.

142.    Defendants breached their duty by hiring Defendant Ayres as sworn law enforcement officers when they knew or, in the exercise of reasonable care, should have known of Defendant Ayres dangerous proclivities and his dispositions to engage in unreasonable conduct.

143.    Despite the fact that Defendants knew or should have known, Defendants failed to and refused to remove Defendant Ayers from his position as a sworn law enforcement officers and/or take any disciplinary action against Defendant Ayres.

144.    As a direct and proximate cause of Defendants' conduct, Plaintiff was injured and suffered bodily injury and severe emotional distress.

145.    The Defendants' conduct was wanton and intention, done with malice or bad faith and in reckless disregard for the rights of the Plaintiff.

146.     The individual Defendants are each liable, individually and jointly, for the harm to Plaintiffs, and the MSHP is liable for the harm to Plaintiffs under the doctrine of respondeat superior.

## COUNT VIII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
#### (Against Defendants Ayres Karsten, Olson and Turner, individually and in their official capacities)

147.     Plaintiff realleges and incorporates the preceding paragraphs by reference.

148.     Sovereign immunity is waived as aforementioned.

149.     Defendants owed a duty to Plaintiff to Plaintiff to refrain from conduct that involved an unreasonable risk of causing Plaintiff severe emotional distress.

150.     Defendants knew, or by using ordinary care should have known his conduct involved an unreasonable risk of causing Plaintiff severe emotional distress

151.     As a direct and proximate cause of Defendants' conduct, Plaintiff was injured and suffered bodily injury and severe emotional distress.

152.     The Defendants' conduct was wanton and intention, done with malice or bad faith and in reckless disregard for the rights of the Plaintiff.

153.     The individual Defendants are each liable, individually and jointly, for the harm to Plaintiffs, and the MSHP is liable for the harm to Plaintiffs under the doctrine of respondeat superior.

## COUNT VIIII
### RESPONDEAT SUPERIOR
#### (Against Defendant Missouri State Highway Patrol "MSHP")

154.     Plaintiff realleges and incorporates the preceding paragraphs by reference.

155.     Sovereign immunity is waived as aforementioned.

156.    At all times material, an employer-employee relationship existed between Defendant Missouri State Highway Patrol, as master/employer and Defendants Ayres, Karsten, Olson and Truner as agents/employees.

157.    At all times material, the Defendants were acting within the course and scope of employment and under color of law.

158.    Defendant MSHP is liable as principal for all acts and omissions of its agents.

WHEREFORE, Plaintiff prays for an Order of this Court awarding:

i.      Compensatory damages as will fairly and accurately compensate Plaintiff for damages;
ii.     Punitive damages in an amount that will fairly punish the Defendants for their conduct;
iii.    Reasonable attorney's fees and costs; and
iv.     Such other relief as the Court may find just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial of all claims properly triable by jury.

Respectfully Submitted,

By: /s/ Alexander M. Hodges
Alexander M. Hodges, MO #70792
ALEX HODGES LAW FIRM
3770 Broadway Boulevard
Kansas City, MO 64111
Tel: (816) 995-8520
alex.hodgeslaw@gmail.com

ATTORNEY FOR PLAINTIFF



# IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KEVIN M J CRANE | Case Number: 20BA-CV02895 |
| Plaintiff/Petitioner:<br>STEPHEN GRIFFITH<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER MICHAEL HODGES<br>3770 BROADWAY BLVD.<br>KANSAS CITY, MO  64111 |
| Defendant/Respondent:<br>GRANT A AYERS | Court Address:<br>705 E Walnut<br>COLUMBIA, MO  65201 |
| Nature of Suit:<br>CC Pers Injury-Other | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **GRANT A AYERS**
  **Alias:**

**MISSOURI STATE HWY PATROL**
**%MICHAEL ATKINSON GENERAL COUNSEL**
**1510 EAST ELM ST**
**JEFFERSON CITY, MO  65101**

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**BOONE COUNTY**

| | |
|---|---|
| _____9/10/2020_____<br>Date | _____/s/ K. Chamberlin_____<br>Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                              Date                              _____
                                                                    Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI

| Judge or Division:<br>KEVIN M J CRANE | Case Number: 20BA-CV02895 |
|---|---|
| Plaintiff/Petitioner:<br>STEPHEN GRIFFITH | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER MICHAEL HODGES<br>3770 BROADWAY BLVD.<br>KANSAS CITY, MO 64111 |
| vs. | |
| Defendant/Respondent:<br>GRANT A AYERS | Court Address:<br>705 E Walnut<br>COLUMBIA, MO 65201 |
| Nature of Suit:<br>CC Pers Injury-Other | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: SANDRA K KARSTEN
**Alias:**

DEPT OF PUBLIC SAFETY
%NATHAN WEINERT GENERAL COUNSEL
1101 RIVERSIDE DR
LEWIS & CLARK BLDG 4TH FLOOR W
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**BOONE COUNTY**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| _____9/10/2020_____ | _____/s/ K. Chamberlin_____ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____ | _____
Date | Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KEVIN M J CRANE | Case Number: 20BA-CV02895 |
| Plaintiff/Petitioner:<br>STEPHEN GRIFFITH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER MICHAEL HODGES<br>3770 BROADWAY BLVD.<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>GRANT A AYERS | Court Address:<br>705 E Walnut<br>COLUMBIA, MO 65201 |
| Nature of Suit:<br>CC Pers Injury-Other | *(Date File Stamp)* |

## Summons in Civil Case

**The State of Missouri to: MISSOURI STATE HIGHWAY PATROL**
     **Alias:**

MISSOURI STATE HWY PATROL
%MICHAEL ATKINSON GENERAL COUNSEL
1510 EAST ELM ST
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*BOONE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| | |
|---|---|
| 9/10/2020 | /s/ K. Chamberlin |
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
             Date        Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI**

| Judge or Division:<br>KEVIN M J CRANE | Case Number: 20BA-CV02895 |
|---|---|
| Plaintiff/Petitioner:<br>STEPHEN GRIFFITH | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER MICHAEL HODGES<br>3770 BROADWAY BLVD.<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>GRANT A AYERS | Court Address:<br>705 E Walnut<br>COLUMBIA, MO 65201 |
| Nature of Suit:<br>CC Pers Injury-Other | |

vs.

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** **ERIC T OLSON**
**Alias:**

MISSOURI STATE HWY PATROL
%MICHAEL ATKINSON GENERAL COUNSEL
1510 EAST ELM ST
JEFFERSON CITY, MO 65101
**COURT SEAL OF**

**BOONE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| _9/10/2020_ | _/s/ K. Chamberlin_ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                 Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                              Date                                      Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Boone - September 08, 2020 - 03:37 PM

**THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI**
**THIRTEENTH JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| Dr. Stephen Griffith, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | |
| Grant A. Ayres, | ) | |
| in his individual and official capacity, | ) | |
| | ) | |
| Sandra K. Karsten, | ) | |
| in her individual and official capacity, | ) | |
| | ) | |
| Eric T. Olson, | ) | |
| in his individual and official capacity, | ) | |
| | ) | |
| Michael A. Turner, | ) | |
| in his individual and official capacity, | ) | |
| | ) | |
| Missouri State Highway Patrol, | ) | |
| | ) | |
| Defendants. | ) | |

## REQUEST FOR SERVICE OF PROCESS

I hereby request that summons be issued by the Clerk of the Court in the above captioned case to Plaintiff's counsel: **Alexander M. Hodges, 3770 Broadway Blvd., Kansas City, MO 64111**, who will be responsible for promptly serving each summons, with corresponding pleading and other required documents.

For Defendants: **Grant A. Ayers, Eric T. Olson and Michael A. Turner and Missouri State Highway Patrol**

Summons to be issues to:

Michael Atkinson, General Counsel
Missouri State Highway Patrol
1510 East Elm St.
Jefferson City, MO 65101

For Defendants: **Sandra K. Karsten**

Summons to be issued to:

Nathan Weinert, General Counsel
Department of Public Safety
1101 Riverside Drive
Lewis and Clark Building, 4th Floor West
P.O. Box 749
Jefferson City, MO 65102

Respectfully Submitted,

By: /s/ Alexander M. Hodges

Alexander M. Hodges, MO #70792
ALEX HODGES LAW FIRM
3770 Broadway Boulevard
Kansas City, MO 64111
Tel: (816) 995-8520
alex.hodgeslaw@gmail.com
ATTORNEY FOR PLAINTIFF

751- 4905

 **IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI**

| Judge or Division:<br>KEVIN M J CRANE | Case Number: 20BA-CV02895 | **RECEIVED** |
|---|---|---|
| Plaintiff/Petitioner:<br>STEPHEN GRIFFITH | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER MICHAEL HODGES<br>3770 BROADWAY BLVD. | OCT 07 2020 |
| vs. | KANSAS CITY, MO 64111 | COLE COUNTY<br>SHERIFF'S OFFICE |
| Defendant/Respondent:<br>GRANT A AYERS | Court Address:<br>705 E Walnut | |
| Nature of Suit:<br>CC Pers Injury-Other | COLUMBIA, MO 65201 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **SANDRA K KARSTEN**
**Alias:**

DEPT OF PUBLIC SAFETY
%NATHAN WEINERT GENERAL COUNSEL
1101 RIVERSIDE DR
LEWIS & CLARK BLDG 4TH FLOOR W
JEFFERSON CITY, MO 65101

**FILED**
**BOONE COUNTY**
NOV 03 2020
CHRISTY BLAKEMORE
CLERK CIRCUIT COURT, COLUMBIA, MO

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**BOONE COUNTY**

| 9/10/2020 | /s/ K. Chamberlin |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _Michelle Branson_ (name) _Designee_ (title).

☐ other: _____

Served at _1101 Riverside Dr Jefferson City Mo 65101_ (address)

in _Cole_ (County/City of St. Louis), MO, on _10/21/2020_ (date) at _1:40 pm_ (time).

Sheriff _Al P. Whael_                    By _Dep. John Strobel 81_

_Printed Name of Sheriff or Server_          _Signature of Sheriff or Server_

(Seal)

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

| Date | Notary Public |

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

0138
#3000

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

RECEIVED

COLE COUNTY
SHERIFF'S OFFICE



**IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>KEVIN M J CRANE | Case Number: 20BA-CV02895 |
| Plaintiff/Petitioner:<br>STEPHEN GRIFFITH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER MICHAEL HODGES<br>3770 BROADWAY BLVD.<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>GRANT A AYERS | Court Address:<br>705 E Walnut<br>COLUMBIA, MO 65201 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **MICHAEL A TURNER**

   **Alias:**

MISSOURI STATE HWY PATROL
%MICHAEL ATKINSON GENERAL COUNSEL
1510 EAST ELM ST
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*BOONE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 9/10/2020 | /s/ K. Chamberlin |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server               Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

_____                    _____
Date                                       Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-638**      1 of 1      Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo