# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| STEPHEN GRIFFITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-04220-MDH |
| | ) |
| MISSOURI STATE HIGHWAY | ) **JURY TRIAL DEMANDED** |
| PATROL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' SUGGESTIONS IN SUPPORT
## OF THEIR MOTION TO DISMISS PLAINTIFF'S PETITION

Defendants the Missouri State Highway Patrol ("the Patrol"), Colonel Eric Olson, Major Michael Turner,[1] Trooper Grant Ayres, and Sandra Karsten, by and through undersigned counsel, submit Defendants' Suggestions in Support of Their Motion to Dismiss Plaintiff's Petition (Doc. 1-1, pp. 5-28).

---

[1] Defendant Michael Turner was a captain at the time of the September 8, 2018, incident. He was promoted to major on April 1, 2019.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................3

INTRODUCTION AND BACKGROUND ..........................................................5

STANDARD OF REVIEW ...................................................................................6

ARGUMENT ..........................................................................................................7

    I.    Count I – Plaintiff's § 1983 claim against Defendant Ayres ...............7

    II.   Count II – Plaintiff's § 1983 claim against Defendants Olson,

           Turner, and Karsten ..........................................................................9

    III.  Count IV – Battery ........................................................................... 12

    IV.  Count V – Intentional Infliction of Emotional Distress ................... 14

    V.   Count VI – Negligence ..................................................................... 15

    VI.  Count VII – Negligent Hiring, Retention, Training,

           and Supervision .........................................................………..16

    VII. Count VIII – Negligent Infliction of Emotional Distress .................. 17

    VIII. Count IX – Respondeat Superior ....................................................... 18

CONCLUSION .................................................................................................... 19

CERTIFICATE OF SERVICE........................................................................... 20

# **TABLE OF AUTHORITIES**

**Cases**

*Andrews v. Fowler*, 98 F.3d 1069 (8th Cir. 1996) ............................................. 11

*Appel v. City of St. Louis*, 2007 WL 9808053 (E.D. Mo. Aug. 15, 2007) ......... 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................... 7, 10

*Beaulieu v. Ludeman*, 690 F.3d 1017 (8th Cir. 2012) ................................. 10, 11

*Bell Atl. Corp. v. Twombley*, 550 U.S. 544 (2007) ............................................. 7

*Boude v. City of Raymore, Missouri*, 2015 WL 13547447
   (W.D. Mo. Dec. 22, 2015), *aff'd*, 855 F.3d 930 (8th Cir. 2017) ................... 7, 8

*Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667 (8th Cir. 2007) ............... 11

*Camberos v. Branstad*, 73 F.3d 174 (8th Cir. 1995) ........................................ 10

*Carter v. Hassell*, 2009 WL 3762347 (E.D. Mo. Nov. 10, 2009) ...................... 13

*Davis-Bey v. Bellefontaine Neighbors Police Dep't*, 2020 WL 6196388
   (E.D. Mo. Oct. 21, 2020) ........................................................................ 8, 9

*Duncan v. Creve Coeur Fire Prot. Dist.*, 802 S.W.2d 205 (Mo. Ct. App.
   1991) ............................................................................................................ 14

*Gibson v. Brewer*, 952 S.W.2d 239, 248–49 (Mo. 1997) ............................ 17, 18

*Gibson v. Greene Cty., Missouri*, 2018 WL 1005408
   (W.D. Mo. Feb. 21, 2018) ............................................................................ 16

*Grider v. Bowling*, 785 F.3d 1248 (8th Cir. 2015) ............................................. 8

*Grospitz v. Abbott*, 2005 WL 2649707 (W.D. Mo. Oct. 17, 2005).........14, 15, 18

*Hendrix v. Wainwright Indus.*, 755 S.W.2d 411 (Mo. Ct. App. 1988) .......14, 15

*Husain v. Missouri*, 2019 WL 330874 (E.D. Mo. Jan. 25, 2019) ...................... 9

*Hutchison v. Texas Cty., Missouri*, 2010 WL 11509268

   (W.D. Mo. Apr. 30, 2010).............................................................. 12, 13, 15

*Jackson v. Nixon*, 747 F.3d 537 (8th Cir. 2014) ............................................. 10

*Lewis v. Dunn*, 2009 WL 10707829 (W.D. Ark. Apr. 15, 2009) ...................... 18

*Mitchell v. Forsyth*, 472 U.S. 511 (1985). ......................................................... 9

*Moore v. Powell*, 2006 WL 8438316 (W.D. Mo. May 16, 2006) ...................... 18

*Saffell v. Precythe*, 2018 WL 5619588 (E.D. Mo. Oct. 30, 2018)................ 11, 12

*Shell v. Ebker*, 2006 WL 1026982 (E.D. Mo. Apr. 14, 2006).... 13, 14, 15, 16, 17

*S.M. v. Krigbaum*, 808 F.3d 335 (8th Cir. 2015)............................................ 12

*Southers v. City of Farmington*, 263 S.W.3d 603 (Mo. 2008),

   *as modified on denial of reh'g* (Sept. 30, 2008) ...................................... 16, 17

*Spotts v. City of Kansas City*, 728 S.W.2d 242 (Mo. Ct. App. 1987).......... 15, 16

*Yancey v. Alexander*, 724 F.2d 93 (8th Cir. 1983) ........................................... 7

**<u>Statutes, Rules, Regulations, and Other Authorities</u>**

42 U.S.C. § 1983................................................................................................ 10

Fed.R.Civ.P 12(b)(6)........................................................................................... 6

RSMo. § 536.600.1............................................................................................13

# INTRODUCTION & BACKGROUND

On September 8, 2018, Defendant Ayres (a trooper for the Patrol) pulled over Plaintiff Stephen Griffith for speeding and subsequently arrested him for driving while intoxicated – Plaintiff failed multiple field sobriety tests and refused to take a breath test (and later refused blood testing). Plaintiff allegedly suffered an injury to his left hand as a result of being handcuffed after being arrested by Defendant Ayres. Plaintiff claims, without any factual support, that Defendant Ayres failed to "double lock" the handcuffs, which caused them to tighten. Defendants Olson (current superintendent of the Patrol), Turner (a captain at the time), and Karsten (former superintendent of the Patrol, who retired before the incident), had no involvement with the arrest of Plaintiff and are sued based only on their supervisory positions within the Patrol. None of these Defendants – Olson, Turner, or Karsten – had any personal involvement in the September 8, 2018, arrest.

Plaintiff's Petition (Doc. 1-1, pp. 5-28) contains numerous counts, all of which should be dismissed by the Court. Count I is a claim of excessive force (under § 1983) against Defendant Ayres in his individual capacity; Count II is a failure to train/supervise claim (under § 1983) against Defendants Olson, Turner, and Karsten in their individual capacities;[2] Count IV is a battery claim

---

[2] Plaintiff's Petition does not include a "Count III".

against Defendant Ayres in his individual and official capacities; Count V is a claim for intentional infliction of emotional distress against Defendant Ayres in his individual and official capacities; Count VI is a claim for negligence against Defendant Ayres in his individual and official capacities; Count VII is a claim for negligent hiring, retention, training, and supervision against Defendants Karsten, Olson, Tanner (presumably Turner), and the Patrol – they are sued in their individual and official capacities; Count VIII is a claim for negligent infliction of emotional distress against Defendants Ayres, Olson, Turner, and Karsten in their individual and official capacities; and Count IX is a claim for respondeat superior against the Patrol.

Plaintiff's Petition (Doc. 1-1, pp. 5-28) should be dismissed for a myriad of reasons. First, the Patrol, and Defendants, when sued in their official capacities, are protected by sovereign immunity. Second, Defendants are entitled to qualified immunity for Plaintiff's § 1983 claims (which also fail to state a claim) and are protected by official immunity and/or the public duty doctrine for Plaintiff's state law claims. Finally, many, if not all, of Plaintiff's claims fail to state a claim upon which relief can be granted. The Court should grant Defendants' Motion to Dismiss in its entirety.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a plaintiff's complaint for failure to state a claim upon which relief

can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007). A claim is plausible when the facts asserted by the plaintiff "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal of an action is warranted if the "allegations of constitutional violations are unsupported by sufficient facts to identify the nature of [the] alleged injury." *Yancey v. Alexander*, 724 F.2d 93, 94 (8th Cir. 1983). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quotation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* quoting *Twombly*, 550 U.S. at 557.

## ARGUMENT

### I. Count I – Plaintiff's § 1983 claim against Defendant Ayres

Plaintiff's Count I (Doc. 1-1, pp. 20-21) alleges that Defendant Ayres used excessive force by placing handcuffs on Plaintiff – after arresting him for driving while intoxicated and refusing a breath test. "An excessive force claim is evaluated under the Fourth Amendment standard of objective reasonableness." *Boude v. City of Raymore, Missouri*, 2015 WL 13547447, at *3 (W.D. Mo. Dec. 22, 2015), *aff'd*, 855 F.3d 930 (8th Cir. 2017) (citations omitted). "The reasonableness of a particular use of force depends on the

7

circumstances [of] each case..." *Id*. "[T]he key question is whether the officers' conduct was objectively reasonable under the circumstances, as judged from the perspective of a reasonable officer on the scene at the time the force was applied." *Id*. (citation omitted).

Here, Plaintiff failed multiple field sobriety tests, refused a breath test, and was arrested for driving while intoxicated. (Doc. 1-1, p. 9). Defendant Ayres' conduct was objectively reasonable under the circumstances – he merely placed handcuffs on Plaintiff. *See Grider v. Bowling*, 785 F.3d 1248, 1252 (8th Cir. 2015) ("Police officers undoubtedly have a right to use some degree of physical force, or threat thereof, to effect a lawful seizure, and reasonable applications of force may well cause pain or minor injuries with some frequency.") (citation omitted); s*ee also Boude*, 2015 WL 13547447 at *3 (W.D. Mo. Dec. 22, 2015) ("circumstances indicating intoxication and attendant volatility may justify the use of more force.").

Importantly, Plaintiff never alleges that the physician, who addressed his head wound (after he had allegedly been complaining about his handcuffs being too tight as to cause him numbness), made any mention of Plaintiff's hands or the way in which he was handcuffed. *See* Doc. 1-1, p. 13. Plaintiff's allegations do not show that Defendant Ayres' actions were unreasonable after arresting him for driving while intoxicated and refusing all breath and blood tests. *See, e.g.*, *Davis-Bey v. Bellefontaine Neighbors Police Dep't*, 2020 WL

6196388, at *14 (E.D. Mo. Oct. 21, 2020) ("More importantly, plaintiff has not demonstrated that being placed in handcuffs…was unreasonable under the circumstances."); *Husain v. Missouri*, 2019 WL 330874, at *4 (E.D. Mo. Jan. 25, 2019) ("Plaintiff's allegations that his handcuffs were excessively tight are insufficient to support a finding of excessive force in violation of the Fourth Amendment.").

In any event, Defendant Ayres is entitled to qualified immunity because it was not clearly established at the time that an officer, under similar circumstances, would know that merely handcuffing someone for driving while intoxicated was a constitutional violation. Qualified immunity is immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985). Unless a Plaintiff's allegations state a claim of violation of clearly established law, "a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* at 526. Here, Defendant Ayres is entitled to dismissal before the commencement of discovery based on qualified immunity.

## II. Count II – Plaintiff's § 1983 claim against Defendants Olson, Turner, and Karsten

As an aside, Count II (Doc. 1-1, pp. 21-23) against Defendant Karsten should be dismissed because she was no longer the superintendent of the

Patrol when the September 8, 2018, arrest occurred.[3] In any event, the Court should dismiss Count II of Plaintiff's Petition against Defendants Olson, Turner, and Karsten because Plaintiff's allegations are nothing more than conclusory assertions devoid of any facts based on these Defendants' supervisory positions. To state a claim under 42 U.S.C. § 1983, Plaintiff must plead and prove that each Defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citation omitted). It is well-established that the doctrine of *respondeat superior* does not apply in § 1983 suits. *See Iqbal*, 556 U.S. at 676; *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("supervisors…cannot be held vicariously liability under § 1983 for the actions of a subordinate.") (quotation omitted).

Here, the claims against Defendants Olson, Turner, and Karsten should be dismissed because Plaintiff's allegations are solely premised on their roles as supervisors within the Patrol. *See* Doc. 1-1, p. 18 ("***MSHP Supervisory Liability: Defendants Karsten, Olson, and Tanner*** [presumably Turner]"). However, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). And,

---

[3] Defendant Karsten retired as superintendent of the Patrol on August 31, 2018, before the September 8, 2018, arrest – she should be dismissed from this lawsuit.

"[s]upervisors...cannot be held vicariously liable under § 1983 for the actions of a subordinate." *Beaulieu*, at 690 F.3d at 1030 (quotation omitted).

Plaintiff attempts to cure this deficiency by making a claim for failure to train/supervise against Defendants Olson, Turner, and Karsten under § 1983. (Doc. 1-1, pp. 21-23). "A supervisor may be held individually liable under § 1983...if he fails to train or supervise the subordinate who caused the violation." *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007). To maintain his claim for failure to train or supervise, Plaintiff must allege that: (1) the Patrol's training procedures were inadequate; (2) the failure to train/supervise was a result of a deliberate and conscious choice by Defendants Olson, Turner, and Karsten; and (3) the failure to train/supervise actually caused Plaintiff's injury. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996).

Here, Defendants Olson, Turner, and Karsten had no contact with Plaintiff and no involvement with the arrest. Moreover, Plaintiff provides no facts showing how or why the Patrol's training procedures or Defendants' supervision and training of Defendant Ayres were inadequate or that these Defendants had notice of Defendant Ayres' allegedly inadequate training. *See e.g.*, *Saffell v. Precythe*, 2018 WL 5619588, at *4 (E.D. Mo. Oct. 30, 2018) ("Nowhere in the complaint or the attached correspondence does plaintiff allege facts tending to show that Precythe or Payne had notice that their

11

subordinates were inadequately trained, and that this was likely to result in a constitutional violation."). Plaintiff fails to provide any facts showing how Defendants' training procedures were inadequate, and Plaintiff fails to allege facts showing these Defendants had notice of the allegedly inadequate training or supervision of Defendant Ayres.

In addition, Defendants Olson, Turner, and Karsten are entitled to qualified immunity. "When a supervising official who had no direct participation in an alleged constitutional violation is sued for failure to train or supervise the offending actor, the supervisor is entitled to qualified immunity unless plaintiff proves that the supervisor (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Plaintiff does not allege sufficient facts showing that these Defendants received notice of a pattern of unconstitutional acts committed by Defendant Ayres. Plaintiff's speculative and conclusory allegations are insufficient, and Defendants Olson, Turner, and Karsten are protected by qualified immunity and entitled to dismissal of Count II.

### III. Count IV – Battery

First, Plaintiff's battery claim (Doc. 1-1, pp. 23-24) against Defendant Ayres in his official capacity should be dismissed based on sovereign immunity. "In Missouri, tort claims asserted against a public employee in his official

capacity are barred by sovereign immunity." *Hutchison v. Texas Cty., Missouri*, 2010 WL 11509268, at *2 (W.D. Mo. Apr. 30, 2010). "A claim against a public official in his or her official capacity is merely another way of pleading an action directly against the public entity itself…Thus, suits against public officials in their official capacity should be treated as suits against the public entity." *Shell v. Ebker*, 2006 WL 1026982, at *3 (E.D. Mo. Apr. 14, 2006). No exception to the Missouri sovereign immunity statute (RSMo. § 536.600.1) applies here.

Accordingly, Plaintiff's battery claim against Defendant Ayres in his official capacity should be dismissed. *See, e.g.*, *Carter v. Hassell*, 2009 WL 3762347, at *5 (E.D. Mo. Nov. 10, 2009) ("Sovereign immunity extends even to intentional torts like assault and **battery**.") (Emphasis added).

Second, Plaintiff's battery claim against Defendant Ayres in his individual capacity should be dismissed because Defendant Ayres is entitled to official immunity. "Under Missouri law, the official immunity doctrine holds that a public official is not civilly liable to members of the public for negligence strictly related to the performance of discretionary duties." *Appel v. City of St. Louis*, 2007 WL 9808053, at *17 (E.D. Mo. Aug. 15, 2007) (citation omitted). "An officer's function in conducting an arrest, which generally encompasses detaining the person (false imprisonment) and putting him in handcuffs (battery), is discretionary." *Id*.

Defendant Ayers' arrest and handcuffing of Plaintiff was a discretionary act – he is entitled to dismissal of Count IV based on official immunity. *See, e.g., Grospitz v. Abbott*, 2005 WL 2649707, at *9 (W.D. Mo. Oct. 17, 2005) ("Defendants' decision to arrest Plaintiffs was a discretionary act, as was any harmful or offensive contact during the arrest or any intended apprehension thereof.").

IV. **Count V – Intentional Infliction of Emotional Distress**

First, Plaintiff's intentional infliction of emotional distress claim (Doc. 1-1, pp. 24-25) against Defendant Ayres in his official capacity should be dismissed based on sovereign immunity. *See Shell*, 2006 WL 1026982 at *3. No exception to the Missouri sovereign immunity statute applies here.

Second, Plaintiff fails to state a claim for intentional infliction of emotional distress because he never alleges his emotional distress was medically diagnosable or medically significant. *See Duncan v. Creve Coeur Fire Prot. Dist.*, 802 S.W.2d 205, 207 (Mo. Ct. App. 1991) ("Further plaintiff has failed to allege an essential element of the tort—that the distress was medically diagnosable or medically significant."). Here, Plaintiff's conclusory allegations of "severe emotional distress" fail to state a claim. *See, e.g., Hendrix v. Wainwright Indus.*, 755 S.W.2d 411, 412 (Mo. Ct. App. 1988) ("Employee, in his petition, pled only that employer 'subjected [employee] to…severe emotional distress.' He failed to plead that the emotional distress was

medically diagnosable or significant, thus, employee failed to state a cause of action for the intentional infliction of emotional distress."); *Hutchison*, 2010 WL 11509268 at *4 (W.D. Mo. Apr. 30, 2010) ("Defendants are correct that an intentional infliction of emotional distress claim requires Plaintiff to plead a medically diagnosable and medically significant emotional distress.").

### V. Count VI – Negligence

First, Plaintiff's negligence claim (Doc. 1-1, p. 25) against Defendant Ayres in his official capacity should be dismissed based on sovereign immunity. *See Shell*, 2006 WL 1026982 at *3. No exception to the Missouri sovereign immunity statute applies here.

Second, Plaintiff's negligence claim against Defendant Ayres in his individual capacity should be dismissed because he is protected by official immunity or the public duty doctrine. Defendant Ayers' arrest, including the handcuffing of Plaintiff, was a discretionary act and he is entitled to dismissal based on official immunity. *See Grospitz*, 2005 WL 2649707 at *9 (W.D. Mo. Oct. 17, 2005) ("Defendants' decision to arrest Plaintiffs was a discretionary act, as was any harmful or offensive contact during the arrest or any intended apprehension thereof."). Defendant Ayres is also protected by the public duty doctrine. "Under the public duty doctrine, public employees are not liable to individuals for injuries resulting from breach of a duty owed to the general public." *Spotts v. City of Kansas City*, 728 S.W.2d 242, 247 (Mo. Ct. App. 1987)

("In failing to arrest Cecil or prevent him from driving while allegedly intoxicated, Gray was performing his duties as a highway patrolman. The duty to enforce the laws prohibiting drunk driving is a duty owed to the general public.").

Accordingly, Count VI should be dismissed because Defendant Ayres is protected by sovereign immunity and official immunity and/or the public duty doctrine.

VI. **Count VII – Negligent Hiring, Retention, Training, and Supervision**

First, Plaintiff's negligent hiring, retention, training, and supervision claim (Doc. 1-1, pp. 25-27) against Defendants Olson, Turner, Karsten (in their official capacities) and the Patrol, should be dismissed based on sovereign immunity. *See Shell*, 2006 WL 1026982 at *3. No exception to the Missouri sovereign immunity statute applies here.

Second, this claim should be dismissed because Defendants Olson, Turner, and Karsten (in their individual capacities) are protected by official immunity. *See, e.g., Gibson v. Greene Cty., Missouri*, 2018 WL 1005408, at *5 (W.D. Mo. Feb. 21, 2018) ("Claims alleging negligent supervision, hiring, and training are barred by official immunity."). Defendants Olson, Turner, and Karsten are also entitled to dismissal based on the public duty doctrine. *See Southers v. City of Farmington*, 263 S.W.3d 603, 621 (Mo. 2008), *as modified*

16

*on denial of reh'g* (Sept. 30, 2008) ("Officer Lacey's conduct falls under the protections of the public duty doctrine because a supervising police officer's duty to supervise officers in his command is a duty owed to the general public.").

Accordingly, Count VII should be dismissed as against Defendants Olson, Turner, Karsten, and the Patrol because they are protected by sovereign immunity and Defendants Olson, Turner, and Karsten (in their individual capacities) are protected by official immunity and/or the public duty doctrine.

**VII.     Count VIII – Negligent Infliction of Emotional Distress**

First, Plaintiff's negligent infliction of emotional distress claim (Doc. 1-1, p. 27) against Defendants Ayres, Olson, Turner, and Karsten in their official capacities should be dismissed based on sovereign immunity. *See Shell*, 2006 WL 1026982 at *3. No exception to the Missouri sovereign immunity statute applies here.

Second, Plaintiff's negligent infliction of emotional distress claim against Defendants in their individual capacities should be dismissed because they are protected by official immunity and/or the public duty doctrine. *See, e.g.*, *Southers*, 263 S.W.3d at 621. Moreover, Plaintiff fails to state a claim for negligent infliction of emotional distress because he does not allege that his mental distress was medically diagnosable. *See Gibson v. Brewer*, 952 S.W.2d 239, 248–49 (Mo. 1997) ("To prevail under negligent infliction of emotional

17

distress, a plaintiff must show… (2) the emotional distress or mental injury must be medically diagnosable and sufficiently severe to be medically significant.").

Accordingly, Count VIII should be dismissed as against Defendants Ayres, Olson, Turner, and Karsten because they are protected by official immunity and/or the public duty doctrine, and Plaintiff fails to state a claim upon which relief can be granted.

### VIII.     Count IX – Respondeat Superior

Plaintiff's respondeat superior claim (Doc. 1-1, pp. 27-28) against the Patrol should be dismissed because it is barred by sovereign immunity; is not a cause of action; and is not cognizable under § 1983. *See Moore v. Powell*, 2006 WL 8438316, at *5 (W.D. Mo. May 16, 2006) ("to the extent that these are state law claims, these claims are barred by the doctrine of sovereign immunity…"); *Grospitz*, 2005 WL 2649707 at *13 (W.D. Mo. Oct. 17, 2005) ("The concept of *respondeat superior* is traditionally a basis for imputing liability rather than an independent cause of action…"); *Lewis v. Dunn*, 2009 WL 10707829, at *2 (W.D. Ark. Apr. 15, 2009) ("*Respondeat superior* or vicarious liability will not attach under § 1983.") (Citation omitted).

Accordingly, Count IX should be dismissed as against the Patrol because Plaintiff fails to state a claim upon which relief can be granted, and, in any event, the Patrol is protected by sovergin immunity.

**CONCLUSION**

Plaintiff's Petition (Doc. 1-1, pp. 5-28) should be dismissed for a number of reasons. First, the Patrol and the individual Defendants when sued in their official capacities are entitled to sovereign immunity. Second, many of the Defendants are entitled to official immunity or are protected by the public duty doctrine against Plaintiff's state law claims. Finally, Plaintiff's Petition fails to state a claim upon which relief can be granted, and all claims against Trooper Grant Ayres, Colonel Eric Olson, Major Michael Turner, Sandra Karsten, and the Patrol should be dismissed with prejudice.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/Jack Fleming*
Jack Fleming, # 68072 (MO)
Assistant Attorney General

P.O. Box 899
Jefferson City, MO 65101
Phone: (573) 751-8847
Fax: (573) 751-9456
Email: jack.fleming@ago.mo.gov

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December 2020, I electronically filed the foregoing with the Court's electronic filing system, which sent notification to the following:

Alexander M. Hodges, #70792
ALEX HODGES LAW FIRM
3770 Broadway Boulevard
Kansas City, MO 64111
Tel: (816) 995-8520
alex.hodgeslaw@gmail.com
***Attorney for Plaintiff***

*/s/ Jack Fleming*
Assistant Attorney General